UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARIA CASTILLO,

                        Plaintiff,                              MEMORANDUM
                                                                              AND ORDER

                -against-                              22-CV-203 (LDH)

CHAPINES LLC and MANUEL SINCHES,

                        Defendants.
-----------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

       In this wage-and-hour action, plaintiff Maria Castillo ("plaintiff") sues her former employers, defendants Chapines LLC ("Chapines") and Manuel Sinches (collectively, "defendants"), to recover for unpaid overtime wages and for related damages. See Amended Complaint (Mar. 15, 2022) ("Am. Compl."), Electronic Case Filing ("ECF") Docket Entry ("DE") #6. Currently pending before this Court, on a referral from the Honorable LaShann DeArcy Hall, is plaintiff's motion for default judgment. See Motion for Default Judgment (Nov. 7, 2022), DE #14; Order Referring Motion (Nov. 10, 2022).

       For the reasons that follow, plaintiff's motion is denied without prejudice. See Zuniga v. Newmark Wood Working Grp. Inc., 20 Civ. 2464 (RPK) (VMS), 2022 WL 3446331, at *4 n.1 (E.D.N.Y. Aug. 17, 2022) ("Because this Court concludes that the motion for default judgment should be denied without prejudice . . . , the disposition of this motion is not dispositive of any party's claim or defense. The Court thus proceeds by Order rather than by Report and Recommendation.") (citing 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(a)).

## PROCEDURAL BACKGROUND

On January 13, 2022, plaintiff commenced this action against defendants Chapine's Bakery & Restaurant LLC and Danilo Martinez. See Complaint (Jan. 13, 2022), DE #1. On March 15, 2022, plaintiff filed an Amended Complaint, substituting defendants Chapines LLC and Manuel Sinches for Chapine's Bakery & Restaurant LLC and Danilo Martinez. See Am. Compl.

Plaintiff alleges that defendants own and operate a bakery and restaurant located in Jamaica, New York. See id. ¶¶ 8, 10. Plaintiff worked for defendants as a cook and server from June 26, 2016 through November 6, 2021. See id. ¶ 11. Throughout her employment, plaintiff routinely worked six days per week, from 2:00 p.m. through 11:00 p.m. each workday, without an uninterrupted meal break. See id. ¶ 13. In total, plaintiff worked fifty-four hours per week. See id.

Plaintiff alleges that she was paid a weekly salary of $450 in cash. See id. ¶ 14. Defendants failed to pay plaintiff overtime wages for the hours she worked in excess of forty hours per week. See id. Nor did defendants provide plaintiff with a wage notice at the beginning of her employment or weekly wage statements. See id. ¶¶ 16-18.

On March 18, 2022, plaintiff served the entity defendant Chapines through the New York Secretary of State. See Summons Returned Executed (Mar. 21, 2022), DE #9. On April 8, 2022, plaintiff served individual defendant Sinches by leaving process with a co-worker at the bakery/restaurant, his actual place of business, and by mailing copies of the documents to that address. See Summons Returned Executed (Apr. 13, 2022), DE #10. On June 27, 2022, the Clerk of Court entered a notation of default against both defendants. See Clerk's Entry of Default (June 27, 2022), DE #12.

**DISCUSSION**

Having reviewed plaintiff's motion for a default judgment and the attachments thereto, the Court has identified certain deficiencies in plaintiff's submissions, which require that the motion be denied without prejudice.

**I.      Local Civil Rule 55.2**

Local Civil Rule 55.2(c) requires that "all papers submitted to the Court pursuant to Local Civil Rule [55.2(b)] shall *simultaneously* be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual) or the last known business address of such party (if a person other than an individual).  Proof of such mailing shall be filed with the Court."  S.D.N.Y./E.D.N.Y. Local Civ. R. 55.2(c) (emphasis added).  Service of the motion on non-appearing defendants is an important notice requirement designed for the protection of such defendants.  See Transatlantic Auto Grp., Inc. v. Unitrans-Pra Co., No. 08 CV 5070(DLI), 2011 WL 4543877, at *20 (E.D.N.Y. Sept. 9, 2011) (noting that, to promote fairness and efficiency, the Local Rules relating to default provide greater protection for non-appearing defendants than do the Federal Rules of Civil Procedure), adopted, 2011 WL 4543838 (E.D.N.Y. Sept. 29, 2011).  In addition to Local Civil Rule 55.2(c), on October 25, 2022, this Court expressly directed plaintiff to serve defendants with her motion papers, and to file proof of service.  See Order (Oct. 25, 2022).  Plaintiff nevertheless failed to file proof of service on defendants or to otherwise indicate that the motion papers had been mailed to defendants.  The failure to strictly comply with Local Civil Rule 55.2 (not to mention this Court's order) warrants denial of the motion for default judgment.  See Tenemaza v. Eagle Masonry Corp., 20 Civ. 452 (AMD) (VMS), 2021 WL 8317120, at *4 (E.D.N.Y. July 22, 2021) (collecting cases); J & J Sports Prods., Inc. v.

3

Vergara, 19 Civ. 2382 (FB) (VMS), 2020 WL 1034393, at *4-5 (E.D.N.Y. Feb. 6, 2020), adopted, 2020 WL 1031756 (E.D.N.Y. Mar. 3, 2020); Bhagwat v. Queens Carpet Mall, Inc., 14-cv-5474 (ENV) (PK), 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015).

## II. The Servicemembers Civil Relief Act

The Servicemembers Civil Relief Act requires a plaintiff seeking default judgment to "file with the court an affidavit stating whether or not the defendant is in military service and showing necessary facts to support the affidavit[.]" 50 U.S.C. § 3931(b)(1)(A). In this case, plaintiff's counsel's conclusory statement—i.e., that "[d]efendants are not presently in the military service of the United States as appears from facts in this litigation[,]" Declaration in Support of Request For Certificate of Default (June 21, 2022) ¶ 13, DE #11-1[1]—lacks the requisite "necessary facts" and is therefore insufficient. See Tenemaza, 2021 WL 8317120, at *5; Vergara, 2020 WL 1034393, at *6; Uribe v. Nieves, 17-CV-5155 (RRM) (RER), 2018 WL 4861377, at *1-2 (E.D.N.Y. Sept. 26, 2018) (noting that the affidavit may not be based on conclusory statements); Gustavia Home, LLC v. Derby, 16-cv-4260 (ENV), 2017 WL 9989600, at *2 (E.D.N.Y. May 16, 2017) (denying default judgment where plaintiff did not provide "any documentation to support its claim that defendant [] is not in the military, nor do its motion papers offer any hint that it undertook an investigation into his military status").

Moreover, the process server's statement that he was told by "Alexandria," with whom he left the summons and amended complaint, that Sinches was not serving in the military (DE #10 at ECF p. 3) is likewise insufficient. "The non-military affidavit must be based not only on an investigation conducted after the commencement of an action or proceeding but also after

---

[1] See also Declaration in Support of Order to Show Cause for Default Judgment and Damages (Nov. 7, 2022) ¶ 10, DE #14-3.

4

a default in appearance by the party against whom the default judgment is to be entered." Vergara, 2020 WL 1034393, at *6 (quoting Pruco Life Ins. Co. of N.J. v. Estate of Locker, No. 12-cv-882 (ENV)(RML), 2012 WL 3062754, at *1 (E.D.N.Y. July 23, 2012)).  In other words, a proper non-military affidavit must be based on facts adduced from an investigation conducted after a defendant defaults.  See Windward Bora, LLC v. Ortiz, 21-cv-04154 (MKB) (JMW), 2022 WL 3648622, at *5 (E.D.N.Y. July 5, 2022), adopted, 2022 WL 3647586 (E.D.N.Y. Aug. 24, 2022); Tenemaza, 2021 WL 8317120, at *5; Guanglei Jiao v. Shang Shang Qian Inc., 18-CV-5624 (ARR) (VMS), 2020 WL 5105063, at *2 (E.D.N.Y. Aug. 31, 2020); Vergara, 2020 WL 1034393, at *6; Bhagwat, 2015 WL 13738456, at *1.  "The court lacks the power to excuse compliance with the statute." Uribe, 2018 WL 4861377, at *1; accord Vergara, 2020 WL 1034393, at *6.  Therefore, plaintiff's motion for default judgment against defendant Sinches must be denied on this additional ground.

## CONCLUSION

For the foregoing reasons, this Court denies plaintiff's motion for default judgment without prejudice.  See Zuniga, 2022 WL 3446331, at *9.

Any objection to this Memorandum and Order must be filed with the Honorable LaShann DeArcy Hall by December 15, 2022, or will be deemed waived.  Plaintiff is directed to promptly serve copies of this Order on defendants and to file proof of mailing.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 28, 2022

/s/   *Roanne L. Mann*
**ROANNE L. MANN**
**UNITED STATES MAGISTRATE JUDGE**

5